IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| OLGA MARINA CRUZ RAPALO, | § § § | |
| Petitioner, | § § | |
| v. | § § | CAUSE NO. EP-26-CV-31-KC |
| KRISTI NOEM et al., | § § § | |
| Respondents. | § § | |

## ORDER

On this day, the Court considered Olga Marina Cruz Rapalo's Petition for a Writ of Habeas Corpus, ECF No. 1. Cruz Rapalo is held in immigration detention at the Camp East Montana facility in El Paso, Texas. Pet. ¶¶ 11, 30. She argues that her detention is unlawful and asks the Court to order her release or a bond hearing. *Id.* ¶¶ 154–162; *id.* at 77.

Cruz Rapalo has been in the country for over four years. *See id.* ¶ 22. She was detained by immigration authorities for the first time in August 2025 when she was transferred to the custody of Immigrations and Customs Enforcement after being arrested and issued a citation for "Simple Assault Family Violence." *Id.* ¶¶ 15, 28. In its Show Cause Order, ECF No. 4, the Court noted that, "[a]s alleged, [Cruz Rapalo's] case appears materially indistinguishable from several others in which this Court has found a procedural due process violation. *See, e.g.*, *Martinez v. Noem*, No. 3:25-cv-430-KC, 2025 WL 2965859, at *1–5 (W.D. Tex. Oct. 21, 2025)." Show Cause Order 1. The Court thus asked Respondents to engage with its prior decisions and "explain whether the facts of Cruz Rapalo's case warrant a different outcome." *Id.* at 2.

Respondents state that they "have considered the Court's prior orders and at this time do not note any material factual differences between them and this case." Resp. 1, ECF No. 4. And thus concede "that prior rulings within this District concerning similar challenges to the government policy or practice at issue in this case, and the common question of law between this case and those rulings, would control the result in this case." *Id.* Respondents cite this Court's decision in *Tisighe v. De Anda-Ybarra et al.*, No. 3:25-cv-593-KC (W.D. Tex. Dec. 5, 2025), as well as six decisions issued by other judges in the Western District of Texas. *See id.* at 1–2. Instead of reprising the same legal arguments that this Court rejected in *Tisighe*,[1] Respondents "preserve[] all rights" and "incorporate by reference the legal arguments" they raised in *Tisighe* and other cases in this District. *Id.* at 4.

As Respondents acknowledge that this case is materially indistinguishable from this Court's prior decisions, it follows that the same result is warranted here. Thus, after careful consideration of the entire record,[2] and for reasons explained at length in *Lopez-Arevelo*, *Santiago*, *Martinez*, *Erazo Rojas*, *Lala Barros*, and this Court's many other decisions involving habeas claims brought by petitioners subject to mandatory detention under the Government's new interpretation of 8 U.S.C. § 1225(b), Cruz Rapalo's Petition is **GRANTED IN PART** on procedural due process grounds.

---

[1] In *Tisighe* this Court rejected Respondents' boilerplate arguments for the same reasons it rejected those arguments in its previous immigration habeas decisions. *See* Order, *Tisighe v. De Anda-Ybarra*, No. 3:25-cv-593, at *2 (W.D. Tex. Dec. 5, 2025), ECF No. 4 (citing *Lala Barros v. Noem*, No. 3:25-cv-488-KC, 2025 WL 3154059, at *1–6 (W.D. Tex. Nov. 10, 2025); *Erazo Rojas v. Noem*, No. 3:25-cv-443-KC, 2025 WL 3038262, at *1–5 (W.D. Tex. Oct. 30, 2025); *Martinez*, 2025 WL 2965859, at *1–5; *Santiago v. Noem*, No. 3:25-cv-361-KC, 2025 WL 2792588, at *1–14 (W.D. Tex. Oct. 2, 2025); *Lopez-Arevelo v. Ripa*, No. 3:25-cv-337-KC, 2025 WL 2691828, at *1–13 (W.D. Tex. Sept. 22, 2025)).

[2] The relevant facts are undisputed, *see generally* Resp., and the Court grants relief without a hearing. *See Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989) (citations omitted).

The Court **ORDERS** that, <u>**on or before January 27, 2026**</u>, Respondents shall either: (1) provide Cruz Rapalo with a bond hearing before an IJ, at which the Government shall bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, Cruz Rapalo's continued detention; or (2) release Cruz Rapalo from custody, under reasonable conditions of supervision.

**IT IS FURTHER ORDERED** that, <u>**on or before January 27, 2026**</u>, Respondents shall **FILE** notice informing the Court whether Cruz Rapalo has been released from custody.  If Cruz Rapalo has not been released from custody, Respondents shall inform the Court whether and when a bond hearing was held in accordance with the preceding paragraph.  Respondents shall further inform the Court, in detail, of the reasons for the IJ's decision.

<u>**There will be no extensions of the January 27, 2026, deadlines**</u>.

**SO ORDERED**.

**SIGNED** this 20th day of January, 2026.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE